UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEOMEDIA TECHNOLOGIES, INC.,<br><br>   Plaintiff/Counterclaim Defendant,<br><br>  – against –<br><br>SCANBUY, INC.,<br><br>   Defendant/Counterclaim Plaintiff. | No. 04 – CV – 03026<br><br>Judge John E. Sprizzo |

## DEFENDANT SCANBUY, INC.'S AMENDED ANSWER TO THE COMPLAINT

  Defendant Scanbuy, Inc. ("Scanbuy") hereby answers NeoMedia Technologies, Inc.'s ("NeoMedia") Complaint with respect to the numbered allegations in Paragraphs 1 through 13 and the prayer for relief:

  1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

  2. Denies the allegations contained in Paragraph 2 of the Complaint, except admits that (i) Scanbuy has a place of business at the address identified in that Paragraph; and (ii) Scanbuy is registered to transact and transacts business within the State of New York and in this District. Scanbuy states that the allegations contained in the last sentence of Paragraph 2 of the Complaint constitute legal conclusions and other matters as to which no responsive pleading is required.

1

3. States that the allegations contained in Paragraph 3 of the Complaint constitute legal conclusions and other matters for which no responsive pleading is required, except admit that this action is purportedly for patent infringement.

4. States that the allegations contained in Paragraph 4 of the Complaint constitute legal conclusions or other matters for which no responsive pleading is required, except admit that NeoMedia purports to base venue and jurisdiction on the statutes identified in that Paragraph.

## THE PATENTS IN SUIT

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint, except as to the phrase "duly and legally," which Scanbuy denies.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint, except as to the phrase "duly and legally," which Scanbuy denies.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint, except as to the phrase "duly and legally," which Scanbuy denies.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint, except as to the phrase "duly and legally," which Scanbuy denies.

9. Denies the allegations contained in Paragraph 9 of the Complaint.

**ALLEGED PATENT INFRINGEMENT**

10. Denies the allegations contained in Paragraph 10 of the Complaint.

11. States that insofar as the allegations contained in Paragraph 11 of the Complaint constitute legal conclusions, no responsive pleading is required therefor, and otherwise expressly denies these allegations.

12. States that insofar as the allegations contained in Paragraph 12 of the Complaint constitute legal conclusions, no responsive pleading is required therefor, and otherwise expressly denies these allegations.

13. Denies the allegations contained in Paragraph 13 of the Complaint.

**DEFENSES**

Further replying to and answering NeoMedia's Complaint, Scanbuy asserts the following affirmative and special defenses without assuming the burden of proof on such defenses that would otherwise rest on NeoMedia:

14. NeoMedia's claims against Scanbuy are barred, in whole or in part, by the invalidity of one or more claims of the patents-in-suit.

15. NeoMedia's claims against Scanbuy are barred, in whole or part, because Scanbuy has not infringed and is not infringing any claim of the patents-in-suit.

16. NeoMedia's recovery of any purported damages is barred, in part, by NeoMedia's failure to provide Scanbuy with timely notice of NeoMedia's patents.

17. Scanbuy specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery proceedings in this action, and hereby reserves the right to amend this Answer to assert such defenses

**COUNTERCLAIMS**

Defendant Scanbuy, Inc. ("Scanbuy") counterclaims against plaintiff NeoMedia Technologies, Inc. ("NeoMedia") as follows:

1. Scanbuy is a company organized under the laws of the State of Delaware having its place of business at 54 West 39th Street, New York, New York.

2. On information and belief, NeoMedia is a company incorporated under the laws of the State of Delaware having its principal place of business at 2201 Second Street, Suite 402, Fort Myers, Florida.

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

4. By filing its Complaint in this District, NeoMedia has consented to the personal jurisdiction of this Court.

**COUNT I**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

5. Scanbuy realleges and incorporates herein by reference Paragraphs 1-4 of these Counterclaims.

6. In its Complaint in this action, NeoMedia alleges that Scanbuy has infringed and is infringing United States Patent Nos. 5,933,829; 5,978,773; 6,108,656; and 6,199,048 (collectively, "the patents-in-suit").

7. An actual controversy exists between Scanbuy and NeoMedia regarding the alleged infringement of the patents-in-suit.

8. Scanbuy has not directly, contributorily, by inducement, or otherwise infringed any valid, enforceable claim of the patents-in-suit nor is Scanbuy directly,

contributorily, by inducement, or otherwise infringing any valid, enforceable claim of the patents-in-suit.

9. To resolve the legal and factual questions raised by NeoMedia and to afford relief from the uncertainty and controversy that those questions have precipitated, Scanbuy is entitled to a declaratory judgment that Scanbuy has not infringed and is not infringing any claims of the patents-in-suit.

## COUNT II

### DECLARATORY JUDGMENT OF INVALIDITY

10. Scanbuy realleges and incorporates herein by reference Paragraphs 1-7 of these Counterclaims.

11. Upon information and belief, one or more claims of the patents-in-suit are invalid and unenforceable for failing to satisfy the requirements for patentability set forth in 35 U.S.C. §§ 102, 103, 112.

12. To resolve the legal and factual questions raised by NeoMedia and to afford relief from the uncertainty and controversy that those questions have precipitated, Scanbuy is entitled to a declaratory judgment that the asserted claims of the patents-in-suit are invalid.

## COUNT III

### DECLARATORY JUDGMENT OF TORTIOUS INTERFERENCE

13. Scanbuy realleges and incorporates herein by reference Paragraphs 1-7 and 11 of these Counterclaims.

14. Scanbuy is a company engaged in the development and marketing of proprietary software applications that permit camera-enabled wireless devices such as mobile

phones or Personal Digital Assistants ("PDAs") to capture and optically decode printed or electronically displayed barcodes. The data obtained through the optical decoding process may then be used in various ways.

15. For several years, Scanbuy has been engaged in developing proprietary technology centered upon the decoding and processing of barcodes as the basis for various commercial applications that may be used by wholesalers, vendors, suppliers, and retail consumers.

16. As part of its development efforts, Scanbuy contacted Symbian Software, Ltd. ("Symbian"), a leading mobile technology company.

17. In early 2004, Symbian invited Scanbuy to demonstrate Scanbuy's decoding engine on phones utilizing Symbian's operating system at a "3GSM" industry event in Cannes, France.

18. At the 3GSM event, Scanbuy's decoding engine was used in a local application, that is, not connected to the Internet. People who attended the event and visited the Symbian booth obtained a barcode. Later, the attendees could have their barcode scanned, at which time, the holder of the barcode could find out if he or she won a prize.

19. Symbian publicly announced that Scanbuy would be making a demonstration at the 3GSM event.

20. Prior to the 3GSM event, NeoMedia contacted Symbian and wrote that NeoMedia "heard that Scanbuy was at your booth next week and did not want Symbian not aware that we are going to enforce our patent position. It would be best to keep our relationship with Symbian moving forward. Please be aware that other firms can be in positions to induce infringement or contribute to infringement and I do not want Symbian in a conflict with us."

21. Symbian advised Scanbuy of NeoMedia's threat, saying that, while Symbian did "not wish to be bullied into aborting the demo" involving Scanbuy, Symbian also has "no desire to get involved in any law suit." Symbian requested Scanbuy to provide an indemnity to Symbian to "save both you and us the embarrassment of Symbian having to announce that it will not be running the competition with the Scanbuy application, due to IP problems."

22. Based on information and belief, NeoMedia does not possess any patent rights in France that could be alleged to cover Scanbuy's demonstration at the 3GSM event in France.

23. Based on information and belief, NeoMedia's threat to Symbian was made with the purpose of harming Scanbuy, and improperly used a threat of patent litigation for to accomplish that harm.

24. Symbian also had invited Scanbuy to demonstrate its decoding engine at CTIA, the largest wireless industry event in the U.S.

25. After Symbian received NeoMedia's threat, Symbian withdrew its invitation for Scanbuy to demonstrate at CTIA.

26. Subsequent to, and as a result of, NeoMedia's threat to Symbian, Scanbuy's relationship with Symbian has withered and is virtually nonexistent today.

27. As part of its business activities, Scanbuy has been seeking financing from venture capital firms.

28. Based on information and belief, some of the venture capital firms withdrew offers of financing because of this litigation brought by NeoMedia.

29. Based on information and belief, NeoMedia has engaged in deliberate wrongful and injurious conduct, designed to undermine Scanbuy's business and commercial relations with third parties.

30. Based on information and belief, NeoMedia has contacted third parties with whom Scanbuy has business relations or with whom Scanbuy was pursuing business relations, and NeoMedia has threatened those third parties with patent infringement lawsuits if they maintain their relationship with Scanbuy even where NeoMedia does not have patent rights granted in the countries where the third parties conduct business that would cover those third parties' activities in those countries.

31. In threatening to sue third parties, NeoMedia has wrongfully interfered with Scanbuy's relations with prospective business partners and/or customers.

32. NeoMedia's actions have damaged Scanbuy's relations with some of its prospective business partners and/or customers.

33. As a direct and proximate result of NeoMedia's conduct, Scanbuy's has suffered economic, consequential, and reputational harm.

## PRAYER FOR RELIEF

WHEREFORE, Scanbuy respectfully requests:

(a) judgment be entered dismissing NeoMedia's Complaint with prejudice;

(b) a declaratory judgment be entered in favor of Scanbuy on its Counterlcaims;

      (c)      that Scanbuy be awarded its costs, expenses, and attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

      (d)      that Scanbuy be awarded such other legal and equitable relief as the Court may deem just and proper.

DATED:    February 13, 2006          SCANBUY, INC.

By: s/ Victor F. Souto

John M. Hintz (JH-3113)
Victor F. Souto (VS-7903)
WILMER CUTLER PICKERING
  HALE AND DORR, LLP
399 Park Avenue
New York, NY 10022
Tel.: 212-230-8800
Fax: 212-230-8888

Avi Outmezguine (AO-2531)
54 West 39th Street – Floor 4
New York, NY 10018
Tel.: 212-278-0178 ext. 226
Fax: 212-764-0269

*Attorneys for Defendant Scanbuy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2006, a true and correct copy of the foregoing DEFENDANT SCANBUY, INC.'S AMENDED ANSWER TO THE COMPLAINT was served upon counsel for Plaintiff NeoMedia Technologies, Inc. as follows:

**By Hand:**

David Rabinowitz, Esq.
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-1299

**By Facsimile and FedEx:**

Jeffrey A. Pine, Esq.
Allison M. Dudley, Esq.
BANIAK PINE & GANNON
150 N. Wacker Drive, Suite 1200
Chicago, IL  60606

                                                                                    /s Victor F. Souto
                                                                                       Victor F. Souto